PER CURIAM.
Appellants raise three issues from an order of the judge of industrial claims. After careful consideration of the record and briefs in this case, we find there is competent, substantial evidence to support the judge’s finding that the appellee’s inflammatory arthritic condition was causally related to her industrial accident. To this extent, the order is affirmed.
However, we conclude the judge did err in the calculation and award of permanent partial disability benefits and in the award of unspecified costs.
As a result of the trauma to appel-lee’s leg caused by her industrial accident, she has suffered pain and loss of efficiency in her other leg and both arms. In the compensation order, the judge awarded the appellee a twenty percent impairment of each leg and a thirty-three percent impairment of each arm. The judge erred by not transforming this impairment of functions into a disability calculated as to the body as a whole under § 440.15(3)(u), Florida Statutes (1976).
When a claimant sustains a scheduled injury and suffers a loss of efficiéncy or pain in some other part of the body, not included in the specific schedule, then the disability or incapacity produced by the condition in such other part of the body cannot be said to be within the ambit of the scheduled injury under § 440, Florida Statutes (1976). The amount allowed for the scheduled injury then ceases to be exclusive, and it becomes the responsibility of the judge of industrial claims to fix the extent of disability produced by the unscheduled injury. Kashin v. Food Fair, Inc., 97 So.2d 609 (Fla.1957).
As to the award of $198 to appellee’s attorney for unspecified costs and $98 for deposition costs, we find the record contains no evidence to support such an award. The judge was therefore in error in awarding these costs designated in the order. B & D Electrodyne v. Mears, IRC Order 2-3436 (1978).
Accordingly, the order is affirmed in part and reversed in part and remanded for further proceedings consistent with this opinion.
ERVIN, SHIVERS and SHAW, JJ., concur.